UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| MITCHELL HUGHES, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:12-CR-129-HSM-SKL-16 |
| | ) | | 1:13-CR-83-HSM-SKL-1 |
| UNITED STATES OF AMERICA, | ) | | 1:16-CV-239-HSM |
| | ) | | 1:16-CV-236-HSM |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court are Petitioner's supplemented motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [*Hughes I*, Docs. 746, 748; *Hughes II*, Docs. 35, 37].[1] Petitioner bases his request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague [*Id.*]. The United States agrees Petitioner is entitled a reduction in sentence with regard to his conviction under 18 U.S.C. § 922(g), but argues that the aggregate sentence should remain the same in light of his independent

---

[1] Petitioner was charged in two criminal cases, the first involved conspiring to distribute at least five grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) [E.D. Tenn. Case No. 1:12-CR-129-HSM-SKL-16], and the second involved possession of a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g) [E.D. Tenn. Case No. 1:13-CR-83-HSM-SKL-1]. For purposes of clarity, all references to the first case [1:12-CR-129-HSM-SKL-16] will be denoted as *Hughes I* and all references to the second case [E.D. Tenn. Case No. 1:13-CR-83-HSM-SKL-1] will be marked *Hughes II*.

On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee ("FDSET") for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed supplements to Petitioner's pro se petition for Johnson-based relief [*Hughes I*, Doc. 748; *Hughes II*, Doc. 37].

conviction and sentence for violation of 21 U.S.C. § 841(a)(1) [*Hughes I,* Doc. 757; *Hughes II*, Doc. 39]; Petitioner replied in turn [*Hughes I*, Doc. 758; *Hughes II*, Doc. 40]. Petitioner filed a supplement to the reply on November 29, 2016 [*Hughes I*, Doc. 768; *Hughes II*, Doc. 41]. For the reasons stated below, the motions to vacate will be **GRANTED** so far as they seek *Johnson*-based relief; the Court will order a full resentencing hearing to be set as soon as reasonably practicable.

I. BACKGROUND

In 2013, Petitioner pled guilty to, and was subsequently convicted of, conspiring to distribute at least five grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) [*Hughes I*, Docs. 421, 438, 606], and possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g) [*Hughes II,* Docs. 9, 15, 32]. Based on four prior convictions—Georgia robbery, Tennessee especially aggravated burglary, Tennessee escape, and North Carolina robbery with a dangerous weapon, the United States Probation Office deemed Petitioner to be an armed career criminal subject to that provision's fifteen year mandatory minimum sentence with a corresponding Guideline range of 188 to 235 months' imprisonment [Presentence Investigation Report ("PSR") ¶¶ 21, 28–31, 60]. In accordance with that designation, this Court sentenced Petitioner to concurrent 188-month terms of imprisonment and four-year terms of supervised release for both the § 841(a)(1) and § 922(g) offenses [*Hughes I*, Doc. 606; *Hughes II*, Doc. 32]. Petitioner did not appeal and, as a result, his conviction became final for purpose of § 2255(f)(1) on June 25, 2014, at expiration of the time to file the same. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed).

Petitioner filed the instant § 2255 petitions on June 20, 2016, alleging he is no longer an armed career criminal in light of the *Johnson* decision [*Hughes I*, 746; *Hughes II*, Doc. 35]. Agreeing in part, the United States responded by urging the Court to amend Petitioner's sentence for the gun offense but to leave unaffected Petitioner's concurrent 188-month sentence for the drug offense [*Hughes I*, Doc. 757; *Hughes II*, Doc. 39]. Petitioner replied through appointed counsel, noting that the sentence imposed for his drug offense was "driven by his unconstitutional classification as an [a]rmed [c]areer [c]riminal" [*Hughes I*, Doc. 758; *Hughes II*, Doc. 40].

## II. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on

collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). Petitioner submitted and FDSET supplemented the instant petitions within subsection (f)(3)'s window.

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). If the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to five years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-

offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B).

In the *Johnson* decision, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.  The Supreme Court did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause).  Thus, under the *Johnson* decision, an ACCA sentence only raises due process concerns—and is invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the residual clause.  *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *overturned on other grounds by Mathis v. United States*, 136 S. Ct. 2246, 2251 n.1 (2016), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding that the *Johnson* decision precluded armed career criminal designation where one of three predicate offenses, aggravated assault, failed to qualify under either the enumerated-offense or use-of-physical force clauses).

Here, two of the four convictions used to designate Petitioner an armed career criminal— Georgia robbery by sudden snatching and Tennessee escape, no longer qualify as violent felonies after the *Johnson* decision because they neither have as an element the use, attempted use, or threatened use of violent force against another, *see Untied States v. Barnett*, 540 F. App'x 532,

5

536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force), nor fall within one of the enumerated categories of violent felony listed in § 924(e)(2)(B)(ii). Because both of the offenses qualified as violent felonies by way of the now-defunct residual clause, *see, e.g.*, *Watkins v. United States*, No. 1:03-cr-230, 2015 WL 9587712, at *3 (E.D. Tenn. Dec. 30, 2015) (finding that a prior Tennessee escape conviction had only qualified as a violent felony under the residual clause and, thus, was no longer an ACCA predicate post-*Johnson*); *United States v. Jackson*, No. 2:14-cr-48, 2015 WL 128129, at *2 (E.D. Tenn. Jan. 8, 2015 (finding that a conviction for "robbery by sudden snatching" under Florida law constituted a crime of violence only under the Guidelines residual clause); *United States v. Harris*, 165 F.3d 1062, 1068 (6th Cir. 1999) (holding that an escape conviction was a crime of violence under the residual clause in the Guidelines), neither conviction can be used for purposes of ACCA designation. As a result, Petitioner's 188-month term of imprisonment and four years' supervised release for the gun offense [*Hughes II*, Doc. 32] exceeds his maximum authorized sentence as a non-ACCA offender under § 922(g) by 68 months' incarceration and one year supervised release. *See* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years."). The Court finds that Petitioner has demonstrated a clear entitlement to the requested collateral relief.

It is well established that courts have "jurisdiction and authority to reevaluate the entire[ty] [of a petitioner's] aggregate sentence" when he or she was convicted of multiple counts, has one of those counts modified on collateral review, and his or her original sentence consisted of a unified "package" or interdependent "components of a single comprehensive

6

sentencing plan." *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997); s*ee also United States v. Gordils*, 117 F.3d 99, 102 (2nd Cir. 1997) (explaining "the district court's power extends not just to the conviction attacked by a defendant but to an aggregate . . . term of imprisonment"). Had Petitioner never been classified as an armed career criminal, the quantity of drugs involved in his violation of § 841(a)(1) would have yielded a base offense level of twenty-four and total offense level of twenty-five.[2] When combined with Petitioner's criminal history of V, the corresponding guidelines range would have been 100 to 125 months' imprisonment. Faced with the foregoing advisory range, criminal history, and maximum 120-month term on the gun offense, the Court cannot say that it would have sentenced Petitioner to 188 months for violation of § 841(a)(1).

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or

---

[2] The Court grouped Petitioner's gun and drug offenses for Guideline calculation purposes [PSR ¶ 14]. Using the 2013 Guidelines Manual, the United States Probation Office assigned Petitioner a base offense level of twenty-six for the drug offense and added two points for having a dangerous weapon in connection with the same [*Id.* ¶¶ 15, 16]. A "Chapter Four Enhancement" based on Petitioner's ACCA designation on the gun offense raised the offense level to thirty-four [*Id.* ¶ 21], and three point reduction for acceptance of responsibility resulted in a total offense level of thirty-one [*Id.* ¶¶ 22, 24]. Combined with Petitioner's criminal history category of VI, his total offense level resulted in an advisory Guideline range of 188 to 235 months' imprisonment [*Id.* ¶ 60]. Absent ACCA enhancement, Petitioner's Guideline range looks significantly different.

With regard to the drug offense, Petitioner would receive a base offense level of twenty-four after retroactive application of Guidelines Amendment 782. A two-point enhancement for having a gun in connection with drug activity would result in an adjusted offense level of twenty-six. With regard to the gun offense, Petitioner would receive a base offense level of twenty-four based on his two prior crimes of violence. A four-point enhancement for possessing the gun in connection with a drug conspiracy would result in an adjusted offense level of twenty-eight. The Court would choose the higher of those two adjusted offense levels—twenty-eight—under Section 3D1.3 and subtract three points based on Petitioner's acceptance of responsibility. When combined with his non-ACCA criminal history category of V, the new total offense level of twenty-five would yield a revised Guideline range of 100 to 125 months' imprisonment.

granting the petitioner a new trial. 28 U.S.C. § 2255(b). For purpose of the current case, the Court finds resentencing on both the gun and drug offenses to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## V. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motions [*Hughes I*, Doc. 746, 748; *Hughes II*, Doc. 35, 37] will be **GRANTED** so far as they seek *Johnson*-based relief. As such, the sentence dated June 11, 2014 [*Hughes I*, Doc. 606; *Hughes II*, Doc. 32] will be **VACATED** and resentencing will be scheduled by separate Order as soon as reasonably practicable.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE